UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTH ERN DIVISION

METHODE ELECTRONICS, INC.,

    Plaintiff/Counter-Defendant,        CIVIL ACTION NO. 09-CV-13078

    vs.

                                  DISTRICT JUDGE PAUL D. BORMAN

DPH-DAS LLC f/k/a DELPHI        MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOTIVE SYSTEMS, LLC,

    Defendant/Counter-Plaintiff,

MARIAN, INC.,

    Defendant,

DELPHI TECHNOLOGIES, INC.,

    Counter-Plaintiff.
_____

DELPHI AUTOMOTIVE SYSTEMS, LLC

    Plaintiff,                            CIVIL ACTION NO. 09-CV-14303

    vs.

METHODE ELECTRONICS, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 103)

This matter comes before the Court on Plaintiff/Counter-Defendant Methode Electronics, Inc.'s ("Methode") Motion to Compel Discovery. (Docket no. 103). DPH-DAS LLC, Delphi Automotive Systems, LLC, and Marian, Inc. (collectively referred to as "Defendants") filed a joint

1

response. (Docket no. 106). Methode filed a reply. (Docket no. 109). The parties filed a Statement of Resolved and Unresolved Issues. (Docket no. 111). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 105). The Court heard oral argument on the motion on May 23, 2011. The motion is now ready for ruling.

Methode alleges that it served its First Set of Requests for Production and First Set of Interrogatories on DPH-DAS on June 9, 2009. (Docket no. 103, ex. A, B). Methode served similar requests on Delphi. (Docket no. 103, ex. C, D). Delphi served written responses and objections to the four sets of requests. (Docket no. 103, ex. A-D). Methode served its Second Set of Requests for Production on DPH-DAS, Delphi, and Marian on November 8, 2010. (Docket no. 103, ex. E-G). Defendants served written responses and objections on December 13, 2010. (Docket no. 103, ex. E-G). Methode served its Third Set of Requests for Production on Delphi and DPH-DAS on January 11, 2011. (Docket no. 103, ex. H, I). Delphi and DPH-DAS provided written responses and objections on February 10, 2011. (Docket no. 103, ex. H, I).

The Statement of Unresolved Issues provides that the parties have been unable to resolve issues related to the following categories of discovery: (1) supplemental interrogatory responses; (2) summary financial information; (3) indemnification agreements; (4) litigation holds; and (5) Methode's Third Set of Requests for Production.

1.   Supplemental Interrogatory Responses

Methode moves for an order compelling Delphi to supplement its interrogatory responses to Methode's First Set of Interrogatories Nos. 1, 4, and 7. Methode argues that Delphi responded to Interrogatory No. 1 by invoking Rule 33(d) without citing documents with specificity and failed to provide substantive responses to Interrogatories Nos. 4 and 7. Methode also claims that

supplemental interrogatory responses provided by Delphi and DPH-DAS are incomplete. Delphi and DPH-DAS contend that their supplemental responses are complete.

Interrogatory no. 1 asks DPH-DAS and Delphi to identify anyone who supplied them during the last six years or who will supply them with weight sensing pads, bladders, parts, or materials for use in manufacturing weight sensing pads, and for each entity identified, state the total number of weight sensing pads and the type and volume of parts or materials that were supplied during each calendar year. (Docket no. 103, ex. B, D).

Delphi responded to the request on behalf of itself and DPH-DAS, identifying Methode and Marian as companies that supplied them with PODS bladders. (Docket no. 103, ex. B, D). Delphi and DPH-DAS supplemented the interrogatory responses by identifying the number of prototype bladders Marian supplied, and by stating that Marian supplied "sufficient quantities of cut urethane sheets for DPH-DAS to produce bladders for sales occurring on or before October 6, 2009." The supplemental responses also state that Robert Fessenden's deposition testimony identifies other suppliers who provided parts in sufficient quantities for DPH-DAS to produce bladders for sales on or before October 6, 2009. (Docket no. 111, ex. 4).

The Court will order DPH-DAS and Delphi to supplement their responses to Interrogatory No. 1, identifying in sufficient detail documents from which Methode can ascertain the volume of cut urethane sheets or other materials supplied by Marian for sales occurring on or before October 6, 2009, and the type and volume of parts or materials supplied on or before October 6, 2009 by the other suppliers identified during Robert Fessenden's deposition.

Interrogatory no. 7 directed to DPH-DAS (docket no. 103, ex. B) and Interrogatory no. 4 directed to Delphi (docket no. 103, ex. D) ask Delphi and DPH-DAS to describe their method of

3

calculating damages assuming they are found guilty of infringing Methode's patent, identify the three most knowledgeable people related to their damages calculations, and identify all documents and communications that substantiate or refute their damages calculations. (Docket no. 103, ex. B, D).

Delphi responded to the requests on behalf of itself and DPH-DAS, stating that if they are found guilty of infringement Methode would only be entitled to reasonable royalties. Delphi further stated that they would provide damages calculations according to the scheduling order. (Docket no. 103, ex. B, D). Delphi and DPH-DAS will be ordered to provide up-to-date damages calculations and responses to Interrogatories 4 and 7.

2.  Summary Financial Documents Responsive To Methode's First Set of Interrogatories Nos. 1, 4, 7 and First Set of Requests for Production Nos. 9, 10, and 39

Interrogatories Nos. 1, 4, and 7 are set forth in the previous discussion. Document Request Nos. 9 and 10 ask DPH-DAS and Delphi for all documents and things describing, relating, or referring to orders or purchases of equipment and materials for making a bladder or weight sensing pad. Document Request No. 39 asks DPH-DAS and Delphi for all documents related to, referencing, supporting or refuting their answers to Methode's First Set of Interrogatories.

Methode argues that it has repeatedly requested summary financial documents that provide a detailed breakdown of Delphi's purchases of materials for manufacturing weight sensing pads. Methode contends that this summary information exists in a database Defendants have not queried. At the hearing on this motion the parties agreed to a resolution of this issue and stated the terms of their compromise on the record. Methode's motion to compel summary financial documents responsive to Methode's First Set of Interrogatories Nos. 1, 4, 7 and First Set of Requests for

4

Production Nos. 9, 10, and 39 will therefore be granted consistent with the compromise stated on the record during the hearing on Methode's motion.

3. Litigation Holds

Methode's First Set of Requests for Production No. 34 asks DPH-DAS and Delphi for all documents and things concerning their document retention policies. Methode alleges that Delphi in response to the requests produced document retention policies that incorporate litigation holds but refuses to produce the litigation holds. For the reasons stated on the record at the hearing on this motion, the Court finds that the requested litigation holds are not relevant to the claims and defenses in this lawsuit. Methode's motion will be denied as to this request.

4. Indemnification Agreements

Methode served its Second Requests for Production on DPH-DAS, Delphi, and Marian on November 8, 2010. Methode now argues that Defendants failed to produce unredacted indemnification agreements in response to Document Requests Nos. 43 and 47-49. Document Request Nos. 43 and 47-49 ask DPH-DAS to produce all documents and things constituting, describing, referring, or relating to indemnification involving Delphi and Marian related to this case and weight sensing pads. The corresponding requests to Delphi are Requests Nos. 52 and 56-58. The corresponding requests to Marian are Requests Nos. 19 and 23.

The Court has conducted an in camera review of the indemnification agreements. The agreements are not relevant to the claims and defenses in this action. Methode's motion to compel unredacted indemnification agreements will be denied.

5. Third Set of Requests for Production

Methode served its Third Set of Requests for Production on Delphi and DPH-DAS on

5

January 11, 2011. DPH-DAS and Delphi provided written responses and objections on February 10, 2011. (Docket no. 103, ex. H, I). Methode now argues that Delphi failed to produce all documents responsive to document requests 62-64, 71, 76, and 77. The corresponding requests to DPH-DAS are Requests Nos. 53-55, 62, 67, and 68.

Methode claims that the missing documents fall into the following categories: (1) pre-tax profit information on a gross, net, and incremental basis; (2) fixed costs (e.g., on a month-by-month or quarter-by-quarter basis); (3) comparisons between budget estimates and actual performance for both costs and sales; (4) board meeting minutes; (5) market projections and market performance analysis; and (6) the method by which Delphi determines costs.

Delphi and DPH-DAS contend that there are no categories of missing documents. They claim that they have made numerous efforts to collect responsive documents and are not currently aware of documents for the products accused of patent infringement within Methode's six categories except as already produced. The Court will order Delphi and DPH-DAS to identify the Bates numbers of documents they have produced that are responsive to Document Requests 62-64, 71, 76, and 77 directed to Delphi and Document Requests 53-55, 62, 67, and 68 directed to DPH-DAS.

**IT IS THEREFORE ORDERED** that Methode's Motion to Compel Discovery (docket no. 103) is **GRANTED IN PART AND DENIED IN PART** as follows:

    1. On or before June 30, 2011 DPH-DAS and Delphi must provide supplemental responses to Methode's First Set of Interrogatories Nos. 1, 4, and 7 as provided in this order.

    2. On or before June 30, 2011 DPH-DAS and Delphi must provide Methode with the Bates numbers of documents previously produced that are responsive to Methode's Third Set of Requests for Production Nos. 62-64, 71, 76, and 77 directed to Delphi and Requests for Production Nos. 53-

55, 62, 67, and 68 directed to DPH-DAS.

    3. Methode's motion to compel summary financial documents responsive to its First Set of Interrogatories Nos. 1, 4, 7 and First Set of Requests for Production Nos. 9, 10, and 39 is granted consistent with the parties' compromise as stated on the record at the hearing on this motion.

    4. Methode's motion to compel litigation holds and unredacted indemnification agreements is denied.

    5. The parties' requests for costs and attorneys' fees are denied.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: May 27, 2011        s/ May 27, 2011
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: May 27, 2011        s/ Lisa C. Bartlett
                                Case Manager