IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METHODE ELECTRONICS, INC.,
    Plaintiff/Counter-Defendant,          Civil Action No. 09-CV-13078

                                                  District Judge Paul D. Borman
                                                  Magistrate Judge Mona K. Majzoub
v.

DPH-DAS LLC, f/k/a DELPHI
AUTOMOTIVE SYSTEMS LLC,
    Defendant/Counter-Plaintiff,
and

MARIAN, INC.,
    Defendant
_____/

DPH-DAS LLC, f/k/a DELPHI
AUTOMOTIVE SYSTEMS LLC,
    Plaintiff,                                Civil Action No. 09-14303
v.

METHODE ELECTRONICS, INC.,
    Defendant.
_____/

<u>OPINION AND ORDER
(1) DENYING THE DELPHI PARTIES'
MOTION TO STAY PROCEEDINGS (DKT. NO. 170)[1];
(2) CANCELLING THE HEARING SCHEDULED FOR MARCH 15, 2012; AND
(3) DISMISSING DELPHI'S PREMATURE PENDING MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE (DKT. NO. 171)</u>

The matter is before the Court on Defendants DPH-DAS, LLC, Delphi Automotive Systems,

LLC, Delphi Technologies, Inc. and Marian, Inc.'s (collectively "Delphi" or the "the Delphi parties")

---

[1] All citations to the Docket (Dkt. No. ___) shall be to the Docket in case No. 09-13078, the earlier-filed case in this consolidated action, unless otherwise noted.

1

Motion to Stay Proceedings Other Than Proceedings on the Pending Motion for Summary Judgment. (Dkt. No. 170.) Pursuant to E.D. Mich. L.R. 7.1(f)(2), the Court concludes that a hearing would not aid the Court in the decisional process and decides the matter on the briefs.

For the reasons that follow, the Court DENIES the motion to stay, CANCELS the hearing scheduled for March 15, 2012 and DISMISSES WITHOUT PREJUDICE Delphi's premature pending motion for summary judgment.

**INTRODUCTION**

In this patent infringement action, Methode Electronics, Inc. ("Methode") sues Delphi for infringement of U.S. Patent No. 5,975,568 (the "'568 Patent" or the "Patent"). Delphi also asserts claims against Methode for breach of contract and patent invalidity. The '568 Patent relates to a weight-sensing pad for controlling the deployment of automobile airbags.

Delphi has filed a motion for summary judgment on its claim that the '568 Patent is invalid for failure to name certain alleged co-inventors. The briefing on the summary judgment motion is scheduled to be completed by March 23, 2012. Simultaneous with filing its motion for summary judgment, Delphi filed the instant motion to stay all aspects of this action while the Court resolves the pending motion for summary judgment on the issue of inventorship.

**I.     BACKGROUND**

On January 8, 2010, this Court entered a Stipulated Order consolidating the action filed in this Court on October 30, 2009 by Delphi Automotive Systems, LLC against Methode (*Delphi Automotive Systems, LLC v. Methode Electronics, Inc.*, No. 09-14303) with the action filed by Methode against Delphi Automotive Systems, LLC and Marian, Inc. (Marian) that was transferred to this Court on August 5, 2009, from the United States District Court for the Northern District of

Illinois (*Methode Electronics, Inc. v. Delphi Automotive Systems LLC and Marian, Inc.*, No. 09-13078). (Stipulated Order, Dkt. No. 58.) The cases have proceeded on a consolidated docket and the parties recently stipulated to the filing of Amended Complaints. (Dkt. No. 179.)

In the January 8, 2010 Stipulated Order, the parties agreed that they would file opposition claim construction briefs by June 21, 2010. All subsequent dates in the January 8, 2010 Order, including discovery and dispositive motion deadlines, are to be calculated based upon the date that the Court enters its final *Markman* order, resolving all disputed claim construction issues. The cutoff date for fact discovery is 60 days after the Court enters its final *Markman* order. Expert reports are to be submitted 90 days after the Court enters its final *Markman* order, with depositions of opposing parties' experts to be complete 150 days after the final *Markman* order. Dispositive motions are to be filed 30 days following the close of expert discovery. The Court has not yet issued its final *Markman* order. Thus, neither fact nor expert discovery has been completed and the dispositive motion deadline is correspondingly months in the future.

## II. STANDARD OF REVIEW

The parties disagree as to the standard the Court should apply in evaluating the instant motion to stay. Delphi suggests that the Court apply the standard often invoked by courts when considering a requested stay during a pending reexamination of a contested patent, inquiring: (1) whether "a stay will simplify the issues" in the case; (2) whether a stay will "unduly prejudice or present a clear tactical disadvantage to the non-moving party;" and (3) "whether discovery is complete" and "a trial date has been set." *Gonnocci Revocable Living Trust v. Three M Tool & Machine, Inc.*, No. 02-74796, 2003 WL 22870902, at *2 (E.D. Mich. Oct. 7, 2003).

Methode suggests that the appropriate standard of review is the traditional four-factor test

for a stay recognized and applied by this Court in *Grass Lake All Seasons Resort, Inc. v. United States*, No. 01-74386, 2005 WL 3447869, at *2 (E.D. Mich. Dec. 15, 2005): "'(1) whether the stay applicant has made a strong showing that he is likely to prevail on the merits, (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party's interest in the proceeding; and (4) where the public interest lies.'" (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Although Delphi rejects Methode's standard, which requires a showing of likelihood of success on the merits, in fact the alternative test proposed by Delphi requires a similar showing in its requirement that the outcome of the matter to be decided while the stay is in place will "simplify the issues in question." Therefore, regardless of which standard the Court adopts, an analysis of the merits of the underlying summary judgment motion is undeniably necessary to the Court's consideration of Delphi's motion for a stay.

### III. ANALYSIS

Delphi's pending motion for summary judgment argues that the '568 Patent is invalid because it fails to name certain individuals, at least one Delco engineer, as an inventor. Alternatively, the motion argues that Methode lacks standing to bring the instant patent suit because it has failed to obtain the participation in this litigation of a co-owner (Delphi) of the patent. The essence of the argument is that the Named Inventors on the '568 patent wrongfully appropriated Delco engineers' inventive contributions and claimed them as their own, resulting in invalidity of the patent. Methode's response to the summary judgment motion was filed on March 9, 2012 and Delphi's reply is due on March 23, 2012.

Simultaneous with the filing of their motion for summary judgment, Delphi filed the instant

motion for a stay, requesting that the Court stay all proceedings in this matter pending the resolution of their motion for summary judgment. Delphi asserts that, although discovery is not complete, "discovery on the issue of inventorship has made clear that there are no genuine issues of material fact that [the '568 Patent] should have named Delco Electronics Corporation engineers as co-inventors of the patent, at the least." (Mot. to Stay, Dkt. No. 170, 1.) Delphi argues that if resolved in their favor, the Court's ruling on the issue of inventorship will moot or streamline several issues in the litigation and that therefore a stay pending the outcome of that motion is appropriate. Methode responds that discovery on the issue of inventorship is not complete, that Delphi's motion for summary judgment is premature because both fact and expert discovery are still proceeding in the case, that in any event Delphi has little chance of succeeding on their inventorship claim and opposes the stay.

Very early in this case, the parties agreed, at a hearing before Magistrate Judge Morgan, that they would limit the total number of depositions, including both fact and expert witnesses, to 15 per side. (Dkt. No. 38, Tr. Oct. 19, 2009 Hr'g 75-78.) The parties discussed allowing for 20 depositions per side and Magistrate Judge Morgan suggested that the parties "try 15 and if there's 5 more that you are desperately needing, then we can come back and revisit them." (*Id.* at 77.) This agreement was later incorporated into the parties' Rule 26(f) Report which was adopted by the Court in its November 5, 2009 Scheduling Order. (Dkt. No. 41.) On November 21, 2011, Delphi and certain non-party individuals (former employees of Delphi) filed a Motion for Protective Order from Methode's Taking of Depositions that Would Exceed the Maximum Number Permitted Under the Scheduling Order. (Dkt. No. 131.) On December 16, 2011, Delphi filed a Motion to Compel Methode to Provide a 30(b)(6) Witness as to certain outstanding discovery requests. (Dkt. No. 139.)

Both of these motions have been referred to Magistrate Judge Majzoub and are scheduled to be heard on March 21, 2012. According to the parties' January 31, 2012 Statements of Resolved and Unresolved Issues relating to these two motions (Dkt. Nos. 167, 168), none of the issues presented in these motions, some of which touch upon the contested issue of inventorship that is the subject of Delphi's pending motion for summary judgment, have been resolved. Magistrate Judge Majzoub has scheduled these matters for hearing on March 21, 2012.

> A. **The Court Denies Delphi's Motion to Stay Because the Underlying Motion for Summary Judgment, Regardless of its Merit, is Prematurely Filed, Preventing the Court From Assessing the Probable Outcome of the Inventorship Claim**

There is no question that a critically important task in the Court's review of Delphi's request for a stay is assessing the likelihood that Delphi will succeed on the merits of its summary judgment motion. In its motion, Delphi expressly "invites" the Court to review the merits of its inventorship claim in deciding the instant motion to stay. (Mot. to Stay, Dkt. No. 170, 1.) Although Delphi asserts that "discovery on the inventorship issue relevant to the motion is complete," it concedes at the same time that its outstanding discovery motions seek information relating to the issue of inventorship, which Delphi characterizes as "tangential at best." (Mot. to Stay, Dkt. No. 170, 4 n.2.) Importantly, Methode disagrees with Delphi's characterization of the outstanding discovery disputes and correctly points out that Methode's outstanding discovery motion currently scheduled to be heard by Magistrate Judge Majzoub seeks additional depositions of witnesses who may have information pertinent to Delphi's inventorship claim. (Dkt. No. 177, Methode's Resp. 6.)

"[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit . . . ." *CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 602

6

(W.D. Mich. 2010)). Likewise, in its November 5, 2009 Scheduling Order, this Court cautioned the parties that motions for summary judgment should not be filed until discovery has been completed, absent special circumstances to be specified in any premature motion. (Dkt. No. 41, 2.) Significantly, Delphi cites no "special circumstances" in support of its request for a stay; only its prediction that it will be successful on its inventorship claim. In this case, not only is discovery still ongoing but both parties have pending discovery motions that relate to one degree or another to the very issue that Delphi asks this Court to decide in its summary judgment motion.

In addition to the fact that discovery is still ongoing, Methode points out that a decision on a claim of inventorship as a general rule must follow a ruling on claim construction. "[A]n independent claim construction analysis . . . is the first step in determining inventorship." *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1304 (Fed. Cir. 2002). "Without a direct construction of [the individual claims], the meaning and scope of the claims and the extent to which [the alleged co-inventor] may have contributed to the invention recited in those claims cannot be determined." *Id.* at 1305. Delphi concedes that this is ordinarily true, but asserts in its motion for summary judgment that the Court "can save the effort of claim construction here, however, as the motion is tailored to avoid the claim construction issues that are still pending." (Mot. Summ. Judg., Dkt. No. 171, 3 n.5.) While Delphi does not explain precisely how the motion is "tailored" to avoid claim construction issues still pending, they suggest that they need only establish inventorship as to one claim to establish invalidity and imply that the claim that is the subject of their motion is not subject to claim construction dispute.

Methode disagrees and argues that inventorship claims require courts "to compare the alleged contributions of each asserted co-inventor with the subject matter of the properly construed claim

7

to then determine whether the correct inventors were named." *Trovan*, 299 F.3d at 1302. Methode argues that the Court cannot make this determination without first understanding the state of the art at the time the Speckhart patent was conceived, which Methode claims it will establish through expert testimony. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007) (noting that district courts considering the scope and content of prior art can and should take into consideration expert testimony). Methode claims that expert testimony will be necessary to separate the patentable aspects of the Speckhart patent from the state of the art at the time. (Methode's Resp., Dkt. No. 177, 6.)

Delphi asserts that Methode has all of the discovery it needs to respond to the inventorship claim presented in its motion for summary judgment, calling Methode's plea for further discovery "a red herring" because "relevant fact discovery is complete . . . [and] germane facts are undisputed." (Delphi's Reply, Dkt. No. 181, 4 n.3.) The fact, remains, however, that the deadlines for fact and expert discovery have not yet passed according to the schedule agreed upon by both parties. Additionally, potentially relevant discovery motions are outstanding, and Methode claims that it needs additional fact and expert discovery to effectively rebut Delphi's inventorship claim.

While Delphi ultimately may be able to make a solid case for summary judgment on the issue of inventorship, any ruling on this issue at this point in the litigation would be premature. The proper course is for the Court to issue its final opinion on claim construction and the outstanding discovery disputes without delay, for the parties to complete discovery and for the parties to then submit dispositive motions, as contemplated by the agreed-upon Scheduling Order. Delphi has not established that the case at this juncture presents "special circumstances" that would justify the Court entertaining its motion for summary judgment. Accordingly, the Court is unable to evaluate the

critically important aspect that would justify the requested stay, i.e. Delphi's likelihood of prevailing on its motion for summary judgment on inventorship.[2]

### B.     The Remaining Factors Would not Support Issuing a Stay

Delphi argues that entering a stay pending resolution of its summary judgment motion will conserve judicial and party resources because a ruling in their favor might obviate the need for a ruling on the outstanding *Markman* issues. However, given that extensive judicial and party resources have already been expended on *Markman* issues, and the Court is ready to issue its final *Markman* ruling, this factor does not weigh in Delphi's favor. Accordingly, this is not a basis on which the Court can justify entering the requested stay.

Delphi also argues that because Methode is financially stable and no longer produces, sells or uses the products at issue in this case, the Court should enter the stay. Not surprisingly, Delphi cites no case law in support of this novel argument which, standing alone, cannot justify the requested stay.

"[I]t is [] clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. United States District Court, Southern District of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). A party requesting a stay must present a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* Delphi

---

[2] Methode also argues that Delphi would be unlikely to succeed on the merits of its inventorship claim based on theories of laches, waiver and estoppel. The Court need not address these arguments at this stage because it concludes that the motion for summary judgment is prematurely filed.

9

makes no attempt to argue hardship and cannot rest its case for a stay on the suggestion that it is likely to win its prematurely-filed motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Delphi's motion for a stay (Dkt. No. 170), CANCELS the hearing on this matter scheduled for March 15, 2012 and DISMISSES WITHOUT PREJUDICE Delphi's premature pending Motion for Summary Judgment (Dkt. No. 171).[3]

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 3-12-12

---

[3] Accordingly, Delphi need not file a reply to Methode's response to Delphi's motion for summary judgment, as contemplated by the parties' February 9, 2012 Stipulated Order and Briefing Schedule. (Dkt. No. 134.)